UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPEIR TECHNOLOGIES LTD, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No.  5:23-cv-00095-EJD <br><br> **ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> Re: Dkt. No. 81 |

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Stay Pending *Inter Partes* Review ("Motion"), filed on February 9, 2023. ECF No. 81 ("Mot."). Apple has sequentially filed petitions for *inter partes* review ("IPR") on all asserted patents-in-suit to the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB"), with the most recent one filed eight days before the instant Motion. Mot. 3. The Court heard oral arguments on March 30, 2023. Based on the parties' briefs and arguments raised in the hearing, the Court GRANTS Apple's Motion to Stay this case pending IPR before the PTAB.

I. **BACKGROUND**

  A. **Procedural History**

On January 20, 2022, Plaintiff Speir Technologies, Ltd. ("Speir") filed suit against Apple in the Western District of Texas, alleging infringement of two patents: Patent Nos. 8,345,780 and 7, 321,777. ECF No. 4, at 1. On March 22, 2022, Speir amended its complaint to include two additional patents: Patent Nos. 7,110,779 and 7,765,399. ECF No. 8, at 1 ("FAC").

On April 4, 2022, Apple filed a motion to dismiss the infringement claims as to the '399 Patent, which was fully briefed by April 26, 2022. ECF No. 13.

1   On April 19, 2022, Speir served its preliminary infringement contentions, and on June 14, 2022, Apple served its preliminary invalidity contentions. Decl. Drew B. Hollander ("Hollander Decl.") ¶¶ 2–3, ECF No. 84-1. In August and September 2022, the parties engaged in claim construction briefing. ECF Nos. 36, 41, 43, 47. Around the same period, Apple moved to transfer venue in the case to the Northern District of California. ECF No. 37.

On December 15, 2022, the district court for the Western District of Texas transferred this case to this district without holding a claims construction hearing or issuing an order on Apple's motion to dismiss. ECF Nos. 67, 69, 71.

### B.     IPR Proceedings

On May 27, 2022, third-party Unified Patents filed a petition for IPR of the '777 patent-in-suit. Hollander Decl. ¶ 4. Apple also filed an IPR petition for the '777 patent-in-suit on September 9, 2022 (*id.* ¶ 5), and then requested conditional joinder with Unified Patents' IPR proceedings. Mot. 3 n.5. On November 9, 2022, the PTAB instituted Unified Patents' petition for IPR of the '777 patent, finding there to be "not only a reasonable likelihood of unpatentability, but also a compelling unpatentability challenge." Hollander Decl., Ex. A ("PTAB '777 Decision"), at 13, ECF No. 84-2.

Between November 30, 2022 and February 1, 2023, Apple filed IPR petitions for the remaining '779, '780, and '399 patents-in-suit. Mot. 3. The parties agree that the PTAB is expected to decide whether or not to institute IPR for the patents-in-suit at some time between May and August 2023. *Id.*; *see also* Opp. 2.

## II.    LEGAL STANDARD

Courts have inherent power to manage their dockets, "including the discretion to grant a stay pending concurrent proceedings before the PTO." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2015 WL 1006582, at *1 (N.D. Cal. Mar. 6, 2015) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In determining whether to stay a patent infringement case pending review or reexamination of the patents, courts traditionally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the

Case No.: 5:23-cv-00095-EJD
ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW
2

1  issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a
2  clear tactical disadvantage to the nonmoving party." *PersonalWeb, LLC v. Apple Inc.*, 69 F. Supp.
3  3d 1022, 1025 (N.D. Cal. 2014) (citations and quotations omitted). Courts in this district have
4  often recognized a "liberal policy in favor of granting motions to stay" pending IPR. *E.g.*, *Zomm,*
5  *LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

## III. DISCUSSION

Here, all factors weigh in favor of staying this case pending the PTAB's final decision on the '777 patent's IPR, as well as its decisions on instituting IPR of the remaining patents-in-suit.

First, the current stage of litigation weighs in favor of granting a stay. Discovery has begun but is not completed, and a trial date has not been set. Apple also has not yet answered the FAC on account of its pending motion to dismiss. And because this case was recently transferred into this district, there is not even a case management schedule in this case. Although the parties have exchanged preliminary infringement and invalidity contentions and prepared for claim construction, "these are generally events that happen early in the life of a case and are not, by themselves, enough to weigh against a stay." *Regents of Univ. of Minnesota v. LSI Corp.*, 2018 WL 2183274, at *2 (N.D. Cal. May 11, 2018). Accordingly, this factor weighs soundly in favor of granting a stay, especially given the case's recent transfer into this district.

Second, a stay pending IPR will likely simplify the issues in question, avoid inconsistent outcomes, and preserve limited judicial resources from ruling on issues that may change following PTAB review. Speir argues that a stay is not warranted when the PTAB has not yet decided to institute IPR, Opp. 4–7; however, the undisputed fact is that the PTAB *has* instituted IPR with respect to at least one patent-in-suit. *See* PTAB '777 Decision. Furthermore, there is a significant likelihood of simplification, given that the PTAB had found there is "not only a reasonable likelihood of unpatentability, but also a compelling unpatentability challenge" as to the '777 patent. *Id.* at 13. In any event, courts in this district have frequently stayed cases pending IPR even when the PTAB has not yet issued a decision on institution. *See, e.g., Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, 2021 WL 1893142 (N.D. Cal. May 11, 2021); *Anza Tech., Inc. v.*

Case No.: 5:23-cv-00095-EJD
ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW
3

United States District Court
Northern District of California

*Toshiba Am. Elec. Components Inc.*, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018) (noting that "it is not uncommon for courts to grant stays pending reexamination prior to the PTO deciding to reexamine the patent") (internal brackets omitted); *Evolutionary Intelligence v. Yelp*, 2013 WL 6672451, at *7 (N.D. Cal. Dec. 18, 2013) (highlighting the "liberal policy favoring stays pending reexamination . . . even if the Patent Office is still considering whether to grant a party's reexamination request"). Apple's IPR petitions also cover all asserted claims, and even a single PTAB decision has the potential to streamline the case significantly. The second factor of simplification, therefore, favors a stay.

Third, a stay will not unduly prejudice Speir. Although Speir makes much ado about Apple's sequentially filed IPR petitions close to the filing deadline, close filings are still timely filings. *See Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (declining to "condition a stay on [defendant] seeking IPR earlier than the end of its statutory deadline, or to read a dilatory motive into the timely exercise of its statutory rights"). Furthermore, unlike other cases where a stay could unduly prejudice the business dealings between parties who are direct competitors, *see Zomm*, 391 F. Supp. 3d at 958, Speir is a non-practicing entity that "cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Contour IP Holding, LLC v. GoPro, Inc.*, 2018 WL 6574188, at *6 (N.D. Cal. Dec. 12, 2018). In its opposition, Speir generally cites prejudice arising from delays and potentially lost evidence. Opp. 7–9. Delay, however, does not result in "undue prejudice" unless Speir makes a "specific showing of prejudice beyond the delay necessarily inherent in any stay," which it has not done so here. *Synthego Corp. v. Agilent Techs., Inc.*, 2022 WL 2704121, at *3 (N.D. Cal. July 12, 2022). Nor do Speir's remarks regarding lost evidence identify any specific witness or evidence that is at risk of being lost. *See Software Rts. Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) (rejecting delay concerns where plaintiff had not "identified a particular expert witness who is likely to be lost" or shown that "relevant technology or evidence thereof would become 'unavailable'"). In sum, Speir is not likely to suffer undue prejudice, which in turn supports granting a stay.

Case No.: 5:23-cv-00095-EJD
ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW
4

All three factors favor a stay pending IPR in this case. Speir argues that, notwithstanding these factors, the totality of circumstances weighs against a stay because "the parties' disputes can be resolved more quickly and efficiently by simply proceeding to trial" and "allowing the progress of the court's docket to depend on the status of proceedings elsewhere" would impair the Court's ability to manage its own docket. Opp. 10. As to the first point, given the early stages of the litigation here and the expected dates of the PTAB's decisions, Speir's expectation to complete—at a minimum—claim construction, fact discovery, and possibly expert discovery before August 2023 is optimistic albeit flattering. Opp. 4. Additionally, if the PTAB were to institute IPR and cancel any of the patents-in-suit, any such expedited discovery would potentially be in vain. And finally, a stay pending IPR would not deprive the Court of the ability to control its own docket; if anything, a stay "effectuates the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in suit before costly litigation continues." *Software Rts. Archive*, 2013 WL 5225522, at *6.

## IV. CONCLUSION

Based on the foregoing, Apple's Motion to Stay Pending *Inter Partes* Review is GRANTED. This case is hereby STAYED, and the Clerk SHALL administratively close the file in this case. Apple is ORDERED to file a status report with the Court no later than five (5) days after the PTAB issues any final written or institution decision on any of the six IPR petitions listed in Apple's Motion. Mot. 3.

**IT IS SO ORDERED.**

Dated: March 30, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-00095-EJD
ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW
5